**Jose LEPE–SAUCEDO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71127, 02–73440.

Agency No. A26–362–687.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2004.

Decided June 9, 2004.

Robert B. Jobe, Esq., Sarnata Reynolds, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Paul Fiorino, Esq., Nelda C. Ackerman, Jeffrey S. Bucholtz, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and FISHER, Circuit Judges.

## MEMORANDUM *

Jose Lepe–Saucedo ("Lepe–Saucedo" or "petitioner") petitions for review of decisions of the Board of Immigration Appeals (BIA) upholding his removal order and denying his motion to reopen. Lepe–Saucedo argues that his former counsel's ineffective assistance during his removal hearing deprived him of due process, and the BIA abused its discretion by not waiving the procedural requirements for asserting an ineffective assistance of counsel claim in a motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our decision.

On July 3, 1999, Lepe–Saucedo traveled from Mexico to California with various people who were United States citizens or legal residents, except for petitioner's nephew, who is a citizen and resident of Mexico. At the border, Lepe–Saucedo's nephew presented the birth certificate of one of Lepe–Saucedo's sons, a U.S. citizen who was not present. Because the nephew was unable to produce other identification matching the son's, the group was referred to secondary inspection and questioned individually.

The nephew admitted that he was attempting to enter the country illegally. Confronted with his nephew's confession, Lepe–Saucedo admitted to assisting his nephew's attempt to enter the country illegally by providing the birth certificate.

The border agent who questioned Lepe–Saucedo prepared a "Record of Deportable/Inadmissible Alien" and a statement from Lepe–Saucedo confessing to trying to help his nephew enter the country. The government issued Lepe–Saucedo a Notice to Appear for removal proceedings, charging him with inadmissibility for knowingly assisting an alien's attempt to enter the United States illegally. *See* 8 U.S.C. § 1182(a)(6)(E)(i) (providing that an alien who at any time knowingly encourages or assists another alien to attempt to enter the country illegally is inadmissible).

After conducting removal hearings, an Immigration Judge (IJ) held that the government proved its charge. Additionally, the IJ determined that Lepe–Saucedo is not eligible for cancellation of removal because he was granted suspension of deportation in 1986. *See* 8 U.S.C. § 1229b(c)(6) (providing that aliens previously granted suspension of deportation or cancellation of removal are not eligible for cancellation of removal). Finally, the IJ concluded that Lepe–Saucedo is ineligible for voluntary departure because the conclusion that he engaged in alien smuggling precludes the requisite finding of good moral character for voluntary departure. *See* 8 U.S.C. §§ 1101(f)(3), 1229c(b)(1)(B). Lepe–Saucedo appealed the IJ's decision to the BIA, which affirmed without opinion.

■ After retaining his present counsel, Lepe–Saucedo filed a notice of appeal of the BIA's decision (Case No. 02–71127) as well as a motion to reopen his case before the BIA, asserting that he had been prejudiced by ineffective assistance of counsel during his removal hearing. The BIA denied the motion to reopen because Lepe–Saucedo did not comply with the procedural requirements of *Matter of Lozada,* 19 I.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

& N. Dec. 637, 639 (BIA 1988). Lepe–Saucedo timely filed an appeal to this court of the denial of his motion to reopen (Case No. 02–73440). We consolidated the two petitions, and we deny the first petition because Lepe–Saucedo challenges only the denial of his motion to reopen. Thus, we turn to the denial of his motion to reopen.

■ BIA decisions on a motion to reopen are reviewed for abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We review de novo claims of ineffective assistance of counsel. *Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1044–45 (9th Cir.2000).

We assume, without deciding the issue, that the BIA abused its discretion by not waiving the *Lozada* procedural requirements because the BIA needed no additional information to evaluate the claim. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1072 (9th Cir.2003) (excusing failure to comply with *Lozada* because the BIA needed no additional information to evaluate the claim, which was premised on a statement counsel made during a hearing); *Escobar–Grijalva v. INS,* 206 F.3d 1331, 1335 (9th Cir.2000) (holding that ineffective assistance was plain in the record where it was clear from the hearing transcript that petitioner's lawyer was unfamiliar with her case).

However, the BIA did not abuse its discretion in denying the motion to reopen because Lepe–Saucedo has failed to show that his former counsel's performance prejudiced his case. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (stating that error and prejudice must be shown to succeed in an ineffective assistance of counsel claim). To show prejudice, Lepe–Saucedo must establish that he has plausible grounds for relief and that his counsel's inadequate performance may have affected the outcome of the proceedings. *See Ro-*

*jas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999).

Lepe–Saucedo focuses on his former counsel's failure to object to the admission of the documents prepared by the border agent. Lepe–Saucedo argues that the documents should have been suppressed because he was not informed that he had the right to an attorney during the questioning at the border. Under government regulations, an applicant for admission to the country has the right to counsel only if he "has become the focus of a criminal investigation and has been taken into custody." 8 C.F.R. § 292.5(b).

If we assume *arguendo* that Lepe–Saucedo was in custody when interrogated, nonetheless any objection to the admission likely would have been futile. The Supreme Court has held that the exclusionary rule does not apply in civil deportation hearings to evidence obtained as a result of a violation of the Fourth Amendment. *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1050, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). It is quite unlikely that the documents would have been suppressed notwithstanding *Lopez–Mendoza* on the basis of the government's violation of regulations that likely were adopted to ensure compliance with the Fourth Amendment. In similar circumstances, the BIA held that evidence allegedly obtained in violation of immigration regulations was properly admitted into evidence. *See, e.g., Matter of Barcenas,* 19 I. & N. Dec. 609, 610–11 (BIA 1988). Petitioner cites no case extending *United States v. Calderon–Medina,* 591 F.2d 529 (9th Cir.1979), to require the exclusion of evidence obtained in violation of government regulations during questioning at the border.

Even if we assume that an objection to the documents might have been successful,

Lepe–Saucedo was not prejudiced because he has no plausible grounds for relief. The government could have proved the charge using the nephew's statement that Lepe–Saucedo assisted his attempt to enter the country illegally, as well as evidence that the nephew attempted to enter the country in the same vehicle with Lepe–Saucedo, using his son's birth certificate.

Unfortunately, the "very best counsel in the world could not induce a contrary decision on this record," *Rojas–Garcia,* 339 F.3d at 826, so we conclude that Lepe–Saucedo's ineffective assistance claim fails. Accordingly, the petitions for review are DENIED.