10-2208-ag
Santos v. Holder

BIA
Straus, IJ
A088 189 860

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand twelve.

PRESENT: ROSEMARY S. POOLER,
         GERARD E. LYNCH,
              *Circuit Judges.*[1]

_____

CHARLISTON CAMARGOS SANTOS,
         *Petitioner,*

         v.                                    10-2208-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*

_____

[1]The Honorable Roger J. Miner, orginally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C.§ 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR PETITIONER:        Elizabeth A. Badger, Attorney,
                       Matthew Waters, Rule 46.1(e) Law
                       Student, Boston University Civil
                       Litigation Program, Boston,
                       Massachusetts.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Holly M. Smith, Senior
                       Litigation Counsel; Rachel Browning,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED in part, and DENIED in part.

Charliston Camargos Santos seeks review of an April 27, 2010, order of the BIA, affirming the July 15, 2008, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his motion to suppress evidence and terminate his removal proceedings, and granted his application for voluntary departure with an alternate order of removal to Brazil. *In re Santos*, No. A088 189 860 (B.I.A. Apr. 27, 2010), *aff'g* No. A088 189 860 (Immig. Ct. Hartford July 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam).  The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 233-34 (2d Cir. 2006).

### A.    Prima Facie Case for Suppression

Santos's central argument is that the agency erred in finding that he did not establish a *prima facie* case for suppression, given that he submitted an affidavit and supporting evidence that, if taken as true, showed that his arrest was based on race.  He contends that, at the least, he was entitled to a hearing on suppression. Indeed, where an alien offers an affidavit, which, if accepted as true, supports the suppression of evidence, the BIA has indicated that a suppression hearing is appropriate. *See Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (B.I.A. 1988).  We have explained that an egregious constitutional violation will trigger the exclusionary rule in removal proceedings where, "the stop was based on race (or some other grossly improper consideration)." *Almeida-Amaral*, 461 F.3d at 235. Here, because Santos presented facts in his affidavit and evidence

3

that supported his belief that he was arrested on the basis of his race, the IJ erred in failing to hold an evidentiary hearing. *See Matter of Barcenas*, 19 I. & N. Dec. at 611.

We have held that the agency did not err in denying a motion to suppress, where an alien "offered nothing other than his own intuition" to support his belief that he was arrested based on his race. *Almeida-Amaral*, 461 F.3d at 237. Here, in contrast, Santos presented specific factual allegations in his affidavit and evidence, which, taken as true, support his belief that the Massachusetts state trooper who pulled him over did so on account of his race, and that the speeding citation the trooper issued was a mere pretext. According to Santos's sworn declaration: (1) he and the passenger he was riding with have "olive-skin" and "dark hair"; (2) he was not speeding; (3) the trooper followed him for more than two miles before pulling him over; (4) the trooper inquired about Santos's immigration status (and that of his passenger) before informing him that he had been pulled over for speeding; (5) the trooper asked Santos how he could afford such an expensive car when he, a state trooper for over 15 years, could not afford that car; (6) the trooper arrested him for unlicensed operation of a

4

motor vehicle, but this charge was never pursued in state court; and (7) the trooper told him that his foreign government-issued license was "fake." These facts, taken as true and viewed in the light most favorable to Santos, provide an objective *prima facie* basis to believe that he was pulled over based on his Hispanic appearance. *Cf. Almeida-Amaral*, 461 F.3d at 237.

Because Santos set out a *prima facie* case that suppression was warranted because he was pulled over due to his race, the IJ erred in denying his motion without a hearing on suppression. *See Matter of Barcenas*, 19 I. & N. Dec. at 611. Contrary to the Government's contention that Santos failed to administratively exhaust his argument that the IJ did not take the allegations in his affidavit as true, we understand his brief before the BIA, in which he argued that "[a]t the very least, the declaration and other evidence were sufficient to require that he be permitted to testify in support of his *prima facie* showing," to have adequately preserved this argument. *See Gill v. INS*, 420 F.3d 82, 85-86 (2d Cir. 2005) (recognizing that the Court has never held that a petitioner is limited to the "exact contours" of his or her argument to the agency).

Accordingly, we remand to allow for a hearing on Santos's suppression claim, at which he will be able to testify in support of his motion, and cross-examine witnesses the Government may present.[**] *See* 8 U.S.C. § 1229a(b)(4)(B) (providing that "the alien shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government").

## B. Regulatory Violations

Santos also argues that the agency erred in finding that he was not entitled to termination or suppression of his removal proceedings based on his claim that the Government violated certain regulatory provisions. These arguments are unavailing, and we therefore deny the petition for review in this part. Pre-hearing regulatory violations, such as those alleged here, "are not grounds for termination, absent prejudice that may have affected the outcome of the proceeding, conscience-shocking conduct, or a

---

[**] We need not specifically address Santos's arguments that his right to due process was violated or that the IJ failed to consider evidence he submitted to bolster his claim that he was stopped based on his race, because, on remand, he will presumably be accorded a full and fair opportunity to present his arguments, which is the touchstone of due process in removal proceedings. *See Brown v. Ashcroft*, 360 F.3d 346, 350 (2d Cir. 2004).

deprivation of fundamental rights." *Rajah v. Mukasey*, 544 F.3d 427, 447 (2d Cir. 2008). We have therefore concluded that allegations of pre-hearing regulatory violations, including violations of 8 C.F.R. §§ 287.3(a), 292.5(b), which Santos raises here, regarding the requirement of separate arresting and examining officers, and the right to counsel, respectively, do not warrant termination. See id. Santos's allegation of a violation of 8 C.F.R. § 236.1(e), regarding the right to communicate with consular officers, likewise does not warrant termination. *See United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001). Finally, Santos's argument that the Government violated 8 C.F.R. § 287.6(a)by submitting the Form I-213 without authentication does not provide a basis for termination because Santos was not prejudiced by the submission. *See Waldron v. INS*, 17 F.3d 511, 518 (2d Cir. 1993). To the extent Santos wishes to argue that the unauthenticated I-213 should be afforded diminished evidentiary weight, he will have an opportunity to do so on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to documentary evidence lies largely within the IJ's discretion).

For the foregoing reasons, the petition for review is GRANTED in part, and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk