NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALBERTO ARMAS-BARRANZUELA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 10-70803<br><br>Agency No. A094-812-114<br><br>ORDER |

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

The Memorandum Disposition filed January 8, 2014, and appearing at docket No. 24 is withdrawn. The concurrently filed Memorandum Disposition replaces and supersedes the previous Memorandum Disposition.

Respondent's Petition for Panel Rehearing is DENIED. No further Petitions for Rehearing or Rehearing En Banc will be entertained.

**SO ORDERED.**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JOSE ALBERTO ARMAS-
BARRANZUELA,

Petitioner,

v.

ERIC H. HOLDER JR., Attorney General,

Respondent.

No. 10-70803

Agency No. A094-812-114

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2013
San Francisco, California

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Jose Alberto Armas-Barranzuela ("Armas" or "Petitioner") seeks review of a

final order of the Board of Immigration Appeals ("Board") affirming the Immigration

Judge's ("IJ") denial of his motion to suppress evidence of alienage and to terminate

proceedings, and entering an administratively final removal order. We have

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction pursuant to 8 U.S.C. § 1252.  We grant the petition, reverse the Board's denial of the motion to suppress, and remand with instructions.

## STANDARD OF REVIEW

We review the agency's legal analysis de novo.[1]  *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008).  Where, as here, the Board affirms the IJ, cites to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and supplements with its own reasoning, we review both the Board's and the IJ's decision.  *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011).

## DISCUSSION

We must consider both the substantive standard and procedural framework applicable to suppression motions in immigration court.  In our circuit, the putative alien is entitled to the suppression of any evidence seized in connection with a Fourth Amendment violation that is "egregious," i.e., in which a government agent deliberately committed the violation or did so by conduct a reasonable officer should have known would violate the Constitution.  *Lopez-Rodriguez*, 536 F.3d at 1015–16.

The procedural framework for litigating suppression motions is spelled out in *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988).  Under *Barcenas*, the

---

[1] We refer to the Board and IJ collectively as "the agency."

putative alien first must present a prima facie case of an egregious constitutional violation. Once a prima facie case is presented, the burden of persuasion shifts to the government to defend the constitutionality of its actions. *Id.* at 611. Because the agency held only that Armas did not state a prima facie egregious constitutional violation, our review is confined to the first *Barcenas* step.[2]

Before taking an individual into custody, an immigration officer must be able to "articulate objective facts providing a reasonable suspicion that the subject of the seizure was an alien illegally in this country." *Orhorhaghe v. I.N.S.*, 38 F.3d 488, 497 (9th Cir. 1994) (quoting *Benitez-Mendez v. I.N.S.*, 760 F.2d 907, 909 (9th Cir. 1983) (internal brackets omitted)); *see also* 8 C.F.R. § 287.8(c)(2)(i) (2013) (requiring immigration officers to have a "reason to believe that the person to be arrested . . . is an alien illegally in the United States."). The specific, articulable facts "must provide a 'rational basis for separating out the illegal aliens from American citizens and legal aliens.'" *Orhorhaghe*, 38 F.3d at 497 (quoting *Nicacio v. I.N.S.*, 797 F.2d 700, 705 (9th Cir. 1985)).

The agency reasoned that *Orhorhaghe* is distinguishable because Armas was lawfully arrested by the San Francisco Police. However, Petitioner does not complain

---

[2] Armas does not challenge the *Barcenas* framework itself, but rather the agency's substantive determination of Fourth Amendment law. Thus, we assume without deciding that *Barcenas* is a permissible framework for adjudicating these claims, and we follow it here.

3

his *initial* arrest violated the Fourth Amendment, but rather that his *federal* arrest occurred only because federal officials egregiously violated the Fourth Amendment, and thus the fruit of the federal arrest should be suppressed. On this record, we agree Armas has stated a prima facie case of an egregious Fourth Amendment violation.

Agent Lawton's justification for issuing the detainer against Armas falls short of *Orhorhaghe*'s requirement that immigration officials, prior to making an arrest, make some effort to determine not only an individual's citizenship, but also whether the individual is lawfully present in the United States, 38 F.3d at 497, a duty even the agency's own regulations independently impose on immigration officials, *see* 8 C.F.R. § 287.8(c)(2)(i).[3] At the time of Petitioner's arrest, these authorities would have put a reasonable officer on notice that Petitioner's seizure violated the Fourth Amendment, and that is all that is required under our case law to state an egregious violation of the Fourth Amendment.

Because we hold Armas has carried his burden of stating a prima facie case of an egregious violation of the Fourth Amendment, we grant the petition for review,

---

[3] Because we understand Armas's burden at the first *Barcenas* step to be one of persuasion rather than production, he is entitled to rely on Agent Lawton's statement in making his claim.

reverse the agency's holding, and remand for further proceedings consistent with this

disposition.[4]

This panel retains jurisdiction over any subsequent petition for review.

**PETITION GRANTED.  REMANDED WITH INSTRUCTIONS.**

---

[4] The parties disagree as to whether the government's decision not to examine Agent Lawton during proceedings was a tactical decision on the part of the government or simply reliance on *Barcenas*.  If the government made a tactical decision not to produce Agent Lawton (or, for that matter, additional evidence of alienage), it might not be entitled to a second bite at the evidentiary apple on remand. *Oyeniran v. Holder*, 672 F.3d 800, 806-07 (9th Cir. 2012) (collateral estoppel applies in immigration proceedings); *see id.* at 807 ("[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.") (internal citation and quotations omitted); *cf. Flores-Lopez v. Holder*, 685 F.3d 857, 866–67 (9th Cir. 2012) (remanding for further evidentiary development because, due to the state of the law at the time, the government had "no reason" to further develop the record when it was before the agency).  We leave resolution of this issue to the agency in the first instance.