Guillen-Jimenez v. Holder

BIA
Straus, IJ
A88 387 593

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of May, two thousand and fourteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
<u>Circuit Judges</u>,
CHRISTINA REISS,
<u>District Judge</u>.<sup>*</sup>

- - - - - - - - - - - - - - - - - - - - -X

ABRAHAM GUILLEN-JIMENEZ, AKA ABRAHAM OSWALDO GUILLEN-JIMENEZ,

<u>Petitioner</u>,

-v.-                                No. 12-2141

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

<u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - - -X

<sup>*</sup> Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**FOR PETITIONER:**     JAMES A. WELCOME, Waterbury, CT.

**FOR RESPONDENT:**     REBEKAH NAHAS, Trial Attorney, Office of
                        Immigration Litigation, Civil Division,
                        United States Department of Justice,
                        Washington, DC.

Petition for review of an order of the Board of Immigration Appeals ("BIA"), dismissing the appeal from a decision of the Immigration Judge ("IJ").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **GRANTED** and the case **REMANDED** to the BIA for further proceedings consistent with this order.

Petitioner Abraham Guillen-Jimenez seeks review of a BIA order dismissing his appeal from the IJ's denial of Guillen-Jimenez's motion to suppress evidence and terminate proceedings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the sake of completeness." Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). "We review the agency's factual findings for substantial evidence and questions of law de novo." Cotzojay v. Holder, 725 F.3d 172, 177 n.5 (2d Cir. 2013) (citations omitted).

"[E]xclusion of evidence is appropriate . . . if record evidence established . . . that an egregious violation that was fundamentally unfair had occurred." Almeida-Amaral v. Gonzales, 461 F.3d 231, 235 (2d Cir. 2006). "[I]f an individual is subjected to a seizure for *no* reason at all, that by itself may constitute an egregious violation, but only if the seizure is sufficiently severe." Id. "[E]ven where the seizure is not especially severe, it may nevertheless qualify as an egregious violation if the stop was based on race (or some other grossly improper consideration)." Id.

"Pursuant to BIA precedent, a petitioner raising a question about the admissibility of evidence must come forward with proof establishing a prima facie case before the Government will be called on to assume the burden of justifying the manner in which it obtained the evidence." Cotzojay, 725 F.3d at 178 (internal quotation marks and brackets omitted). "Under this burden-shifting framework, if the petitioner offers an affidavit that 'could support a basis for excluding the evidence in . . . question,' it must then be supported by testimony." Id. (quoting Matter of Barcenas, 19 I. & N. Dec. 609, 611 (B.I.A. 1988)). "If the petitioner establishes a prima facie case, the burden of proof shifts to the Government to show why the evidence in question should be admitted." Id.

Here, the IJ required Guillen-Jimenez to establish a prima facie case for suppression *before* he could present testimony at a hearing. See In re Guillen-Jimenez, No. A88 387 593, at 8 (Immig. Ct. Hartford, Conn., Sep. 1, 2009) ("On balance, the Respondent has not made out a prima facie case of misconduct which would shift the burden to DHS to show otherwise."). Cotzojay and BIA precedent, however, indicate that, "if the petitioner offers an affidavit that *could* support a basis for excluding the evidence," the petitioner must be given the opportunity to present testimony in order to make out a prima facie case. Cotzojay, 725 F.3d at 178 (emphasis added) (internal quotation mark omitted).

The IJ also noted that Guillen-Jimenez does not resemble his driver's license photo. The record, however, is silent on whether the officer at the scene relied on (or even made) this observation.

We therefore remand to the agency to decide, in the first instance and under the correct standard, whether Guillen-Jimenez's affidavit could support a basis for suppression and whether a hearing is therefore required.

For the foregoing reasons, the petition for review is granted and the case is remanded to the BIA for further proceedings consistent with this order.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK