MATTER OF GARCIA

In Deportation Proceedings

A-22290411

*Decided by Board January 16, 1980*

(1) Respondent who testified that he made admission of alienage only after being led to believe by Service officers that his deportation was inevitable, that he had no rights whatsoever, that he could not communicate with his counsel, and that he could be detained without explanation of why he was in custody, came forward with a prima facie showing that this admissions were involuntarily given.

(2) Where Service presents no contrary evidence after a respondent makes a prima facie showing that his admissions were involuntarily made and where only those admissions support finding of deportability, the proceedings will be terminated.

CHARGE:
Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

ON BEHALF OF RESPONDENT:
Lawrence Kleinman, Esquire
519 S. W. Third, Suite 418
Portland, Oregon 97204

ON BEHALF OF SERVICE:
Charles L. Stevenson
Acting Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from a decision of the immigration judge dated September 14, 1977, finding him deportable as charged, but granting him the privilege of voluntary departure. The appeal will be sustained and the proceedings terminated.

The respondent is a 20-year-old native and citizen of Mexico. He was apprehended at a farm in Oregon in August 1977. On August 17, 1977, he signed a Form I-274 ("Request for Return to Mexico") which reflected that he was a citizen of Mexico illegally in the United States and that he wished to voluntarily depart to that country. After consulting with an attorney that same day, however, the respondent advised the Service that he desired to have a hearing to determine his deportability. An Order to Show Cause was then issued charging him with being deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as an alien who entered the United States without inspection.

At a deportation hearing held in September 1977, the respondent, through counsel, objected to the admission into evidence of the Form I-274 and a Form I-213 ("Record of Deportable Alien"), which also reflected that on August 17, 1979, he had conceded his alienage and entry into the United States without inspection. It was alleged that his admissions reflected in those two documents were a direct result of the respondent's illegal arrest, that they were made only after the Service officers involved in the case had failed to advise the respondent of his rights as required under the Constitution and governing Service regulations, and that the admissions were coerced and involuntary.

The respondent testified at the hearing in support of the suppression motion. He stated that he was arrested on a farm on August 16, 1977. He testified that after his arrest he was handcuffed and taken to his home where he was told to gather his belongings because he was going to be deported to Mexico. While at his home, he saw his employer and asked him to call his attorney. The respondent testified that he had his attorney's telephone number written in ink on his arm, but while he was showing it to his employer an immigration officer grabbed his arm and rubbed the number off.

The respondent further stated that on being taken to the District Office he was placed in detention, was not told why he had been arrested, was not advised that he had a right to consult with a lawyer, and was not told of his right to have a hearing before being deported. *See* 8 C.F.R. 287.3. He stated that his numerous requests to call his attorney were ignored and that he finally made his admissions and requested prehearing voluntary departure only after having "lost hope" of being able to speak with her.

After the respondent testified, his counsel offered to call a second witness to corroborate his story. The immigration judge advised counsel that another witness would not be permitted unless the Service contested the respondent's testimony "in any way." He stated that his findings of fact would be based on that testimony unless challenged.

The Service then offered the Form I-213 and Form I-274 into evidence without calling either of the arresting officers to testify. The immigration judge admitted the documents into evidence after denying the suppression motion and declining to accept the respondent's brief on this matter. He advised the respondent that he had "the right to a brief on appeal if [his decision was] adverse to his client."[1] The immigration judge then found the respondent deportable as charged based on the two documents. He apparently adopted the respondent's

---

[1] The refusal to accept the brief was error. Moreover, where a basis to refuse admission of a brief arises (no proper basis was stated here), it should be appended to the record as an appellate exhibit.

testimony as his own findings of fact, but found no basis to conclude either that the respondent's arrest was unlawful or that his admissions had been involuntarily given.

We have held that the Fourth Amendment exclusionary rule does not apply in civil deportation proceedings. *See Matter of Sandoval,* Interim Decision 2725 (BIA 1979). Even were that not the case, we would find that this respondent had not come forward with a prima facie showing that his arrest was unlawful. *See Matter of Tang,* 13 I&N Dec. 691 (BIA 1971).

The respondent, however, did present a prima facie case that the admissions reflected on the Form I-213 and the Form I-273 (the only documents evidencing his deportability) were involuntarily given. His testimony, which was adopted by the immigration judge as his statement of facts, reflected that, after his arrest, he was led to believe that his return to Mexico was inevitable, that he had no rights whatsoever, that he could not communicate with his attorney (his attempts to do so being actively interfered with), and that he could be detained without explanation of why he was in custody. His uncontradicted testimony was that he admitted his alienage to the officers in question only after a significant period in custody had elapsed, after his requests to contact his attorney were repeatedly rebuffed, and after he had given up all hope of speaking with her. On this record, where the Service has not come forward with any contrary evidence, we are satisfied that the respondent's admissions which underlie the finding of deportability were involuntarily made and that the requirements of due process warrant their exclusion from the record. *See Navia-Duran v. INS,* 568 F.2d 803 (1 Cir. 1977); *Bong Youn Choy v. Barber,* 279 F.2d 642 (9 Cir. 1960). As this was the sole evidence supporting the finding of deportability, that finding will be reversed and the proceedings ordered terminated.

ORDER: The appeal is sustained and the deportation proceedings are terminated.