Guillen-Jimenez v. Sessions

BIA
Straus, IJ
A088 387 593

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> LEWIS A. KAPLAN,*
> > *District Judge.*

_____

ABRAHAM GUILLEN-JIMENEZ, AKA ABRAHAM
OSWALDO GUILLEN-JIMENEZ,

> *Petitioner,*

v.                                                    15-4120

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:              James A. Welcome, Waterbury, CT.

FOR RESPONDENT:              Benjamin C. Mizer, Principal Deputy
                             Assistant Attorney General; Derek C.

_____

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Julius, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abraham Guillen-Jimenez, an alleged native and citizen of Ecuador, seeks review of a November 20, 2015 decision of the BIA affirming a September 1, 2009 decision of an Immigration Judge ("IJ"), in which the IJ denied his motion to suppress evidence and terminate proceedings and also ordered him removed to Ecuador. *In re Abraham Guillen-Jimenez*, No. A088 387 593 (B.I.A. Nov. 20, 2015), *aff'g* No. A088 387 593 (Immig. Ct. Hartford Sept. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established: "[w]e review the agency's factual findings for substantial evidence and questions of law *de novo*." *Cotzojay v. Holder*, 725 F.3d 172, 177 n.5 (2d Cir. 2013) (citation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

We have approved the BIA's burden-shifting framework for adjudicating suppression motions: "if the petitioner offers an affidavit that 'could support a basis for excluding the evidence in . . . question,' it must then be supported by testimony. If the petitioner establishes a *prima facie* case, the burden of proof shifts to the Government to show why the evidence in question should be admitted." *Cotzojay*, 725 F.3d at 178 (quoting *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (B.I.A. 1988)). Stated another way, an affidavit and testimony are both necessary elements of a petitioner's *prima facie* showing; however, the petitioner's affidavit must be sufficiently compelling for him to be allowed to offer supporting testimony at a suppression hearing. *See Matter of Barcenas*, 19 I. & N. Dec. at 611-12.

In removal proceedings, suppression on constitutional grounds is warranted if "record evidence establishe[s] . . . that an egregious [Fourth Amendment] violation that was fundamentally unfair . . . occurred." *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006). A constitutional violation may be found egregious "if an individual is subjected to a seizure for *no* reason at all . . . [and] the seizure is sufficiently severe." *Id*.

2

(emphasis in original). "[E]ven where the seizure is not especially severe, it may nevertheless qualify as an egregious violation if the stop was based on race (or some other grossly improper consideration)." *Id.* Therefore, the first question is whether Guillen-Jimenez's affidavit could support the proposition that his stop was solely based on race. If not, and assuming that there was no reason for the stop, the second question is whether Guillen-Jimenez's affidavit could support the proposition that his seizure was sufficiently severe to constitute an egregious Fourth Amendment violation. The answer to both questions is no.

First, the agency correctly concluded that the representations in Guillen-Jimenez's affidavit, even if credited, "could [not] support a basis for excluding the evidence" of his alienage on the grounds that his stop was solely based on his Hispanic appearance. *Cotzojay*, 725 F.3d at 178 (quoting *Matter of Barcenas*, 19 I. & N. Dec. at 611); *see Almeida-Amaral*, 461 F.3d at 235. Importantly, as the BIA observed, Guillen-Jimenez's affidavit failed to identify whether he is or appears Hispanic, whether his two coworkers arrested with him are or appear Hispanic, and whether the driver (who was not arrested) is or appears Hispanic. Simply put, because Guillen-Jimenez's affidavit is completely silent as to race or ethnicity, it cannot support an inference that the stop was based on race or ethnicity.

Second, the agency correctly concluded that the representations in Guillen-Jimenez's affidavit, even if credited, "could [not] support a basis for excluding the evidence" of his alienage on the grounds that his seizure was especially severe. *Cotzojay*, 725 F.3d at 178 (quoting *Matter of Barcenas*, 19 I. & N. Dec. at 611); *see Almeida-Amaral*, 461 F.3d at 235. "This Court has never found a violation sufficiently severe, and therefore egregious, to require suppression in a removal hearing." *Cotzojay*, 725 F.3d at 180. We have held, however, that "[a] nighttime, warrantless raid of a person's home by government officials may, and frequently will, constitute an egregious violation," *Pretzantzin v. Holder*, 736 F.3d 641, 646 (2d Cir. 2013), and the Supreme Court has suggested that such a violation might occur where an involuntary representation of alienage is made after repeated requests for counsel are denied, *see INS v. Lopez-Mendoza*, 468 U.S. 1032, 1051 n.5 (1984) (citing *Matter of Garcia*, 17 I. & N. Dec. 319, 321 (B.I.A. 1980) (finding suppression warranted when petitioner's "numerous requests to call his attorney were ignored," DHS officer "grabbed" petitioner and "rubbed . . . off" counsel's telephone number written on petitioner's arm, and petitioner made incriminating statement about "his alienage to the officers . . . only after a significant period in custody . . . [and] his requests to contact his attorney were repeatedly rebuffed")). We have adopted "a flexible case-by-case approach" for determining

3

whether a seizure is sufficiently severe to constitute an egregious constitutional violation, "under which the threat or use of physical force is one relevant, but not dispositive, consideration." *Cotzojay*, 725 F.3d at 182. Other relevant factors include: "whether the violation was intentional; whether the seizure was 'gross or unreasonable' and without plausible legal ground; whether the invasion involved 'threats, coercion[,] physical abuse' or 'unreasonable shows of force'; and whether the seizure or arrest was based on race or ethnicity." *Id.* at 182 (brackets in original) (quoting *Oliva-Ramos v. Att'y Gen. of U.S.*, 694 F.3d 259, 279 (3d Cir. 2012)).

Here, the agency reasonably concluded that the representations in Guillen-Jimenez's affidavit could not support a finding that his seizure was sufficiently severe to constitute an egregious constitutional violation. *See id*. Guillen-Jimenez did not allege that the officers threatened to use or used physical force. He did not allege that he involuntarily made incriminating statements about his alienage after being denied his right to counsel; in fact, his affidavit does not say what, if anything, he told the officers after asking to call his attorney. And, as noted above, his affidavit does not support an inference that his seizure was solely based on his Hispanic appearance. Although Guillen-Jimenez averred that the officers used offensive language at times, he also averred that, at other times, both officers were polite. Lastly, even assuming that Guillen-Jimenez's seizure was unreasonable, "if a Fourth Amendment violation is measured by what is reasonable, then an egregious violation must surely be something more than unreasonable." *Id.*

Because Guillen-Jimenez's affidavit failed to present facts that, "if true, could support a basis for excluding the evidence in question," the agency did not err by denying his motion without holding an evidentiary hearing. *See id.* at 178 (quoting *Barcenas*, 19 I. & N. Dec. at 611). Guillen-Jimenez does not meaningfully press his regulation-based claims for suppression on appeal, and so we decline to consider them. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered Guillen-Jimenez's remaining arguments and conclude that they are without merit. Accordingly, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4