[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15038
Non-Argument Calendar

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 26, 2005**
**THOMAS K. KAHN**
**CLERK**

BIA Docket No. A75-861-350

ASTON RAMPASARD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(August 26, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jamaican citizen Aston Rampasard petitions for review of a decision of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ's) decision denying his motion to suppress his confession to committing passport fraud and ordering that he be removed for that reason, 8 U.S.C. § 1227(a)(3)(D).[1] We deny the petition for review.

We review only the decision of the BIA and not the decision of the IJ, "except to the extent that [the BIA] adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In immigration cases, we review legal conclusions made below de novo, but will uphold the administrative factual findings if they are supported by substantial evidence. *Farquharson v. United States Attorney Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001).

The Fifth Amendment protects individuals against compulsory self-incrimination.[2] U.S. Const. Amend. V. In order to protect these Fifth Amendment rights, the Supreme Court has established a "prophylactic rule" requiring that those subject to custodial interrogation must be informed, *inter alia*, of their right

---

[1] Rampasard has not claimed either to this Court or the BIA that, if his confession was admissible, there was insufficient evidence to remove him. Accordingly, Rampasard has waived any challenge to his removal other than the suppression issue. *See Mohammed v. Ashcroft*, 261 F.3d 1244, 1248 n.3 (11th Cir. 2001).

[2] Contrary to the representations of the parties and the IJ, the right against compulsory self-incrimination is secured by the Fifth Amendment, not the Fourth Amendment.

to remain silent and to have an attorney present during questioning. *Miranda v. Arizona*, 86 S. Ct. 1602, 1624–26 (1966). In criminal cases, inculpatory statements obtained during custodial interrogations in which *Miranda* warnings are not given are subject to suppression. *See United States v. Muegge*, 225 F.3d 1267, 1269–70 (11th Cir. 2000).

However, in *INS v. Lopez-Mendoza*, 104 S. Ct. 3479, 3489 (1984), the Supreme Court held the evidence resulting from an illegal but peaceful arrest may be introduced in deportation cases. While *Lopez-Mendoza* dealt with government conduct that violated the Fourth Amendment, the Supreme Court's opinion suggested its rationale applies to any evidence that would be subject to the exclusionary rule in a criminal case. *See id.* at 3489 (stating "the . . . balance between costs and benefits comes out against applying the exclusionary rule in civil deportation hearings held by the INS"). In addition, *Lopez-Mendoza* suggested, but did not expressly hold, that "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained" might warrant the use of the exclusionary rule in immigration proceedings. *See id.*

The BIA has indicated the exclusionary rule may apply in immigration cases in some circumstances. *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (1988).

However, "[o]ne who raises the claim questioning the legality of the evidence must come forward with proof establishing a prima facie case before the Service will be called on to assume the burden of justifying the manner in which it obtained the evidence." *Id.* Under BIA precedent, evidence is admissible if it is probative and its admission would be fundamentally fair. *Id.*

Even assuming *arguendo* that Rampasard's proffer should be credited, it did not assert facts constituting an "egregious" violation of the Fifth Amendment. At most, Rampasard's proffer would establish he was locked in a room with five government employees and interrogated. Rampasard has not claimed he was physically threatened, interrogated for an unusually long time, or denied any ordinary comfort during his interrogation. In fact, Rampasard's proffer did not even expressly claim that the interrogating officers failed to read him his *Miranda* warnings. Thus, even assuming *arguendo* an "egregious" violation of the Fifth Amendment would warrant suppression in an immigration case, there was no evidence in the record such a violation occurred. Accordingly, the IJ did not err by denying Rampasard's suppression motion, concluding he had represented himself as a U.S. citizen in order to obtain a passport, and ordering his removal.

PETITION DENIED.