**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a1000n.06

No. 13-3349

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 25, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANTONIO LEDERA-CABANAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  MOORE and GRIFFIN, Circuit Judges; KORMAN, District Judge.[*]

PER CURIAM.  Antonio Ledera-Cabanas petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his motion to suppress certain evidence.

Ledera-Cabanas is a native and citizen of Mexico.  He entered the United States in 1999. In 2009, the Department of Homeland Security initiated removal proceedings against him.  Ledera-Cabanas moved to suppress evidence of his alienage on several grounds, including violations of the Fourth and Fifth Amendments and regulatory violations.  The IJ denied the motion without a hearing, and the BIA affirmed the IJ's decision.

---

[*]The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

On appeal, Ledera-Cabanas argues that he was improperly denied a suppression hearing for the following reasons: (1) he made a prima facie showing that officers of the Metro Nashville Police Department violated his Fourth Amendment rights by beating him during his arrest; (2) the statements concerning his alienage in the I-213 form were unreliable and coerced; and (3) the arresting officer took his statement, in violation of 8 C.F.R. § 287.3.

Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions *de novo* and factual findings for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.*

The BIA properly affirmed the IJ's determination that Ledera-Cabanas failed to make a prima facie case for suppression based on a Fourth Amendment violation, *see Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988), because Ledera-Cabanas's statements concerning his alienage were sufficiently attenuated from the allegedly improper arrest such that any taint had dissipated. *See United States v. Gross*, 662 F.3d 393, 401 (6th Cir. 2011). The statements were made nearly two weeks after Ledera-Cabanas's arrest, and he was interviewed by a deputy of the Davidson County Sheriff's Office who was not involved in his arrest, rather than by a member of the Metro Nashville Police Department.

The BIA also properly affirmed the IJ's rejection of Ledera-Cabanas's remaining claims. Ledera-Cabanas's statements concerning his alienage were not rendered unreliable by the conclusion

in the I-213 form that he was in "good health," and his affidavit failed to set forth facts demonstrating that his statements were coerced. *See Barcenas*, 19 I. & N. Dec. at 611. Additionally, despite Ledera-Cabanas's argument to the contrary, the officer who took his statement was not involved in his arrest.

Finally, in any case, suppressing Ledera-Cabanas's statements would not have affected the outcome of his proceedings, given that the government presented admissible Border Patrol records from 1999 establishing Ledera-Cabanas's alienage. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1043 (1984).

Accordingly, we deny the petition for review.