Cruz-Ramos v. Holder

BIA
Rocco, IJ
A088 938 300

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fourteen.

PRESENT:
        DENNIS JACOBS,
        ROSEMARY S. POOLER,
            *Circuit Judges*,
        CHRISTINA REISS,[*]
            *District Judge.*

_____

GREGORIO CRUZ-RAMOS,
        *Petitioner,*

      v.                     13-2032

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Anne E. Doebler, Buffalo, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General, Civil Division; Carl McIntyre,

---

[*] Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**Assistant Director, Office of Immigration Litigation; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

Petition for review of an order of the Board of Immigration Appeals ("BIA"), dismissing the appeal from a decision of the Immigration Judge ("IJ").

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case REMANDED to the BIA for further proceedings consistent with this order.

Petitioner Gregorio Cruz-Ramos seeks review of a BIA order dismissing his appeal from the IJ's denial of Cruz-Ramos's motion to suppress evidence and terminate proceedings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). "We review the agency's factual findings for substantial evidence and questions of law *de novo*." *Cotzojay v. Holder*, 725 F.3d 172, 177 n.5 (2d Cir. 2013) (citations omitted).

"[E]xclusion of evidence is appropriate . . . if record evidence established . . . that an egregious violation that was fundamentally unfair had occurred." *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006). "[I]f an individual is subjected to a seizure for *no* reason at all, that by itself may constitute an egregious violation, but only if the seizure is sufficiently severe." *Id.* "[E]ven where the seizure is not especially severe, it may nevertheless qualify as an egregious violation if the stop was based on race (or some other grossly improper consideration)." *Id.*

"Pursuant to BIA precedent, a petitioner raising a question about the admissibility of evidence must come forward with proof establishing a prima facie case before the Government will be called on to assume the burden of justifying the manner in which it obtained the evidence." *Cotzojay*, 725 F.3d at 178 (internal quotation marks and brackets omitted). "Under this burden-shifting framework, if the petitioner offers an affidavit that 'could support a basis for excluding the evidence in . . . question,' it must then be supported by testimony." *Id.* (quoting *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (B.I.A. 1988)). "If the petitioner establishes a *prima facie* case, the burden of proof shifts to the Government to show why the evidence in question should be admitted." *Id.*

3

The IJ required Cruz-Ramos to establish a *prima facie* case for suppression *before* he could present testimony at a hearing. *See In re Gregorio Cruz-Ramos*, No. A088 938 300 at 3 (Immig. Ct. Buffalo, N.Y., Feb. 28, 2011) ("[T]he Court finds that the respondent has failed to sustain his burden of establishing a prima facie case of illegality."). *Cotzojay* and BIA precedent, however, indicate that "if the petitioner offers an affidavit that *could* support a basis for excluding the evidence," the petitioner must be given the opportunity to present testimony in order to make out a *prima facie* case. *Cotzojay*, 725 F.3d at 178 (emphasis added) (internal quotation mark omitted).

We therefore remand to the agency to decide, in the first instance and under the correct standard, whether Cruz-Ramos's affidavit could support a basis for suppression and whether a hearing is therefore required.[1] *Id.* The agency's analysis regarding whether Cruz-Ramos merits a hearing on his suppression motion should be based on the assertions in his affidavit and not the evidence he sought to suppress, namely, the I-213 Record of Deportable/Inadmissible Alien. *See id.*

---

[1] Because we remand for further proceedings that may augment the record, we decline to consider Cruz-Ramos's alternative claim for suppression based on allegedly egregious violations of Department of Homeland Security regulations. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk