# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2017

Lyle W. Cayce
Clerk

DANIEL RIOS-ARIAS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 866 394

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daniel Rios-Arias, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of his motion to suppress and ordering him removed from the United States. He argues that the BIA and the immigration judge (IJ) erred in denying his motion to suppress the Form I-213 because he established a prima facie case that it contained information obtained as a result of egregious violations of his Fourth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60712

Amendment rights.  He further argues that, because he established a prima facie case of egregious constitutional violations, the burden should have shifted to the Government to justify the manner in which the evidence was obtained. Alternatively, Rios-Arias argues that the immigration agents' violations of federal regulations warranted suppression of the Form I-213.

We review Rios-Arias's constitutional claims de novo.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003).  The factual findings of the BIA and IJ are reviewed for substantial evidence.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).  The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable.  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  Under this standard, the decision must be affirmed unless the "evidence compels a contrary conclusion."  *Id.*

The Fourth Amendment's exclusionary rule does not generally apply to civil removal proceedings, though the Supreme Court has left open the possibility that it might apply to egregious violations.  *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984).  Rios-Arias asserts that the agents violated his constitutional rights by entering his apartment without consent; conducting an unlawful search; coercing him into signing a consent to search form; unlawfully detaining him; and unlawfully arresting him without explanation. However, substantial evidence supports the IJ's and BIA's finding that Rios-Arias and his wife voluntarily consented to allow the agents to enter their apartment and conduct a search.  *See Carbajal-Gonzalez*, 78 F.3d at 197.

Alternatively, even assuming both that a Fourth Amendment violation occurred and that an egregious violation would warrant exclusion in civil removal proceedings, Rios-Arias has not shown that the BIA and IJ erred in finding that the conduct of the immigration agents was not egregious in this

case. *See Lopez-Mendoza*, 468 U.S. at 1050-51; *see also Rochin v. California*, 342 U.S. 165, 166-67 (1952). In addition, we have held that violations of the Code of Federal Regulations relied on by Rios-Arias do not create any enforceable rights or remedies. *See* 8 C.F.R. § 287.12; *Ali v. Gonzales*, 440 F.3d 678, 682 (5th Cir. 2006).

Although Rios-Arias challenged the voluntariness of the search of his apartment, he did not challenge the accuracy of the alienage and immigration status information contained in the Form I-213. In fact, he invoked the Fifth Amendment when the Government attempted to question him about the statements concerning his alienage and immigration status. Because the decisions of the IJ and the BIA were based on Rios-Arias's alienage and immigration status information, which Rios-Arias has not shown was inaccurate, there is no merit to his argument that the form was inadmissible and insufficient to prove his alienage and immigration status. *See Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988). In addition, there is no merit to his argument that the IJ violated his due process rights by not allowing him to cross-examine the officers in regard to the statements contained in the Form I-213 or abused his discretion by refusing to subpoena the officers. *See Bustos-Torres v. INS*, 898 F.2d 1053, 1055-56 (5th Cir. 1990). Finally, Rios-Arias's assertion that the BIA abused its discretion and violated his due process rights by failing to consider his argument that the Form I-213 was insufficient to sustain the burden of proof of showing his alienage, is without merit; the BIA ruled that the burden of proof had been met, and the BIA is not required to "address evidentiary minutiae or write any lengthy exegesis." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). Accordingly, the petition for review is DENIED.