15-4073
Cruz-Ramos v. Sessions

BIA
Rocco, IJ
A088 938 300

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand seventeen.

PRESENT:
      DENNIS JACOBS,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges,*
      LEWIS A. KAPLAN,[1]
          *District Judge.*

————————————————————————

GREGORIO CRUZ-RAMOS,
        *Petitioner,*

      v.                      **15-4073**

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

————————————————————————

---

1 Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PETITIONER:**          ANNE E. DOEBLER, Buffalo, NY.

**FOR RESPONDENT:**          ANDREW OLIVEIRA, Trial Attorney, Office of Immigration Litigation (Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel, *on the brief*), United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gregorio Cruz-Ramos, an alleged native and citizen of Mexico, seeks review of a December 18, 2015 decision of the BIA affirming a February 28, 2011 decision of an Immigration Judge ("IJ"), which ordered him removed after denying without a hearing his motion to suppress the evidence of his alienage derived from a vehicle stop by a Border Patrol agent. *In re Gregorio Cruz-Ramos*, No. A088 938 300 (B.I.A. Dec. 18, 2015), *aff'g* No. A088 938 300 (Immig. Ct. Buffalo Feb. 28, 2011). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented.

We have reviewed the decisions of both the IJ and BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established: "[w]e review the agency's factual findings for substantial evidence and questions of law *de novo*." *Cotzojay v. Holder*, 725 F.3d 172, 177 n.5 (2d Cir. 2013) (citation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

In removal proceedings, suppression on constitutional grounds is warranted only if "record evidence establishe[s] . . . that an egregious [Fourth Amendment] violation that was fundamentally unfair . . . occurred." *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006). A constitutional violation may be found egregious "if an individual is subjected to a seizure for *no* reason at

all . . . [and] the seizure is sufficiently severe." *Id.*
"[E]ven where the seizure is not especially severe, it may nevertheless qualify as an egregious violation if the stop was based on race (or some other grossly improper consideration)." *Id.* Such egregious violations are by nature "rare." *Maldonado v. Holder*, 763 F.3d 155, 165 (2d Cir. 2014).

We have approved the BIA's burden-shifting framework for adjudicating suppression motions: "if the petitioner offers an affidavit that 'could support a basis for excluding the evidence in . . . question,' it must then be supported by testimony. If the petitioner establishes a *prima facie* case, the burden of proof shifts to the Government to show why the evidence in question should be admitted." *Cotzojay*, 725 F.3d at 178 (quoting *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (B.I.A. 1988)). Stated another way, an affidavit and testimony are both necessary elements of a petitioner's *prima facie* showing; however, the petitioner's affidavit must be sufficiently compelling for him to be allowed to offer supporting testimony at a suppression hearing. *See Matter of Barcenas*, 19 I. & N. Dec. at 611-12.

The agency did not err by denying Cruz-Ramos's motion without a hearing.

Roving Border Patrol agents may stop vehicles "if they are aware of specific articulable facts, together with rational inferences from these facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country." *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975). The Form I-213 prepared by the Border Patrol agent -- which contains the admissions as to alienage that Cruz-Ramos sought to suppress -- recounts that: (1) Cruz-Ramos accelerated through a red light when the Border Patrol vehicle first approached; (2) Cruz-Ramos nearly caused an accident because he was monitoring the Border Patrol vehicle in his rear-view mirror; and (3) the passengers in Cruz-Ramos's car were ducking down and watching the Border Patrol vehicle.

In support of his motion to suppress that document, Cruz-Ramos submitted an affidavit averring that he was

3

driving within the speed limit, that he did not believe that he had broken any traffic laws, and that he believed that the Border Patrol agent pulled him over because he and his three passengers are Hispanic.

It was the burden of Cruz-Ramos to establish by affidavit facts showing the sort of "rare" and "severe" conduct that would be "egregious." Even taken as true, the affidavit of Cruz-Ramos is insufficient. Putting aside the fact that the affidavit does not actually state that he was in fact obeying the traffic laws, it disregards the stated justifications for the stop. The denial of a motion for a suppression hearing should not rest on the agency's acceptance as true of the report sought to be suppressed. But Cruz-Ramos does not contest the account of the Border Patrol; nor does he adduce severe and rare circumstances that might otherwise show that the stop was a product of egregious misconduct. The affidavit expresses a belief that Cruz-Ramos was in compliance with traffic laws (which is not much to the point considering that the Border Patrol does not enforce the traffic laws) and it specifies that he and his passengers are Hispanic. That perfunctory recitation is not enough to sustain Cruz-Ramos's burden to show that, at a hearing, he could demonstrate rare and severe misconduct amounting to the egregious.[2]

We have considered Cruz-Ramos's remaining arguments and conclude that they are without merit. Accordingly, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2 Cruz-Ramos's effort to obtain a suppression hearing based on allegedly egregious regulatory violations fails for identical reasons.

4