17-1080-ag
Ramirez-Aguilar v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of September, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                         *Circuit Judges*.

_____

REGINO RAMIREZ-AGUILAR**,**

                    *Petitioner*,

        v.                                                  17-1080-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

                    *Respondent*.

_____

For Petitioner:                 Jose Perez, Syracuse, N.Y.

For Respondent:                 Chad A. Readler, Acting Assistant Attorney General, Civil Division, Stephen J. Flynn, Assistant Director, Office of Immigration Litigation, Kathryn M. McKinney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this petition for review of a Board of Immigration Appeals ("BIA") decision is **DENIED.**

Petitioner Regino Ramirez-Aguilar, a native and citizen of Mexico, seeks review of a March 15, 2017, decision of the BIA affirming a January 13, 2016, decision of an Immigration Judge ("IJ") ordering his removal. *In re Regino Ramirez-Aguilar,* No. A 206 001 183 (B.I.A. Mar. 15, 2017), *aff'g* No. A 206 001 183 (Immig. Ct. Buffalo, N.Y. Jan. 13, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and issues of law de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 233-34 (2d Cir. 2006). Ramirez-Aguilar challenges the IJ's denial of his request to suppress his admission of alienage and his request for a continuance. We reject both challenges.

### A. Suppression Motion

The exclusionary rule generally does not apply in a civil removal proceeding, but may apply if there have been "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050 (1984) (plurality). "[E]xclusion of evidence is appropriate . . . if record evidence established . . . that an egregious violation that was fundamentally unfair had occurred." *Almeida-Amaral*, 461 F.3d at 235. Such an egregious violation may occur where a "stop was based on race (or some other grossly improper consideration)." *Id.* We have approved the BIA's burden-shifting framework in which an individual contesting the admissibility of evidence in a removal proceeding "initially bears the burden of coming forward with proof 'establishing a prima facie case.'" *Zuniga-Perez v. Sessions*, 897 F.3d 114, 125 (2d Cir. 2018) (quoting *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (B.I.A. 1988)).

The IJ did not err in declining to suppress Ramirez-Aguilar's concession of alienage to U.S. Border Patrol agents. Ramirez-Aguilar did not make a prima facie case for suppression because he failed to submit an affidavit setting forth allegations that could support exclusion of the Form I-213, and the sole basis for suppression consisted of his counsel's representations to the court. *Cotzojay v. Holder*, 725 F.3d 172, 178 (2d Cir. 2013); *cf. Zuniga-Perez*, 897 F.3d at 125 (remanding for a suppression hearing where the "facts set forth in the affidavits and Form I-213s . . . made a sufficient showing of an egregious constitutional violation"); *see also INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (observing that unsworn statements of counsel are not evidence). Absent an affidavit from Ramirez-Aguilar, counsel's allegations that the stop was based on race and resulted in Ramirez-Aguilar's unreasonably long detention before arrest were not sufficient to meet his prima facie burden. *Cotzojay*, 725 F.3d at 178.

Ramirez-Aguilar also asserts that Border Patrol agents committed egregious constitutional, statutory, and regulatory violations when they arrested him without a warrant and interrogated him outside of his counsel's presence. The government argues that Ramirez-Aguilar did not exhaust these claims before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d

2

104, 122 (2d Cir. 2007) (stating that judicially imposed issue exhaustion is mandatory). Even were we to reach these arguments, they fail for the same reason discussed above: Ramirez-Aguilar did not offer the supporting affidavit required to make a prima facie case for suppression.

### B. Continuance

Ramirez-Aguilar also argues that the IJ's denial of a two-week continuance violated his right to due process given that a continuance would have allowed him to "obtain vital evidence" for his suppression motion and would not have burdened the immigration court or the government. Petitioner's Br. at 25. We review the IJ's denial of a request for a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. But the denial of a continuance is an abuse of discretion only if the IJ's "decision rests on an error of law (such as application of the wrong legal principle)[,] . . . a clearly erroneous factual finding[,] or . . . cannot be located within the range of permissible decisions." *Morgan*, 445 F.3d at 551-52 (internal quotation marks omitted).

Here, the IJ accurately noted that, at the time of Ramirez-Aguilar's January 2016 hearing, he had been in removal proceedings for over two years, had benefited from two prior continuances, and had received the government's evidence in July 2014. Ramirez-Aguilar's explanation that he was waiting for a witness statement did not preclude him from filing an affidavit based on his personal experience during the contested arrest, and he did not adequately explain why he did not do so. Accordingly, the agency did not abuse its discretion in concluding that Ramirez-Aguilar did not demonstrate "good cause" for a further continuance. *See Morgan*, 445 F.3d at 551-52; 8 C.F.R. § 1003.29.

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk