**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANTANA PORTILLO-FLORES;
DAYRON CAMILO FLORES-
PORTILLO,

            Petitioners,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

            Respondent.

No.   17-71406

Agency Nos.      A208-687-624
                     A208-687-625

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit
Judges.
Concurrence by Judge BERZON

    Santana Portillo-Flores (Portillo) and her young son Dayron Flores-Portillo

petition for review of Board of Immigration Appeal's (BIA) dismissal of their

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeal contending that the Immigration Judge (IJ) should have granted their motion to suppress evidence, allegedly obtained after the government egregiously violated the Fourth Amendment, and terminated proceedings.

Petitioners were arrested after being found walking near the border in the Rio Grande Valley. The next day, after being transported to the border patrol station, Portillo acknowledged Petitioners' Salvadoran nationality and their illegal entry. At the removal hearing, Respondent introduced Portillo's Salvadoran identification card, her son's Salvadoran birth certificate, and the Forms I-213 describing the circumstances of the arrest. Petitioners' motion to suppress was granted with respect to the child's birth certificate but otherwise denied. The BIA affirmed the order denying the motion to suppress and to terminate proceedings.

In immigration proceedings, the exclusionary rule applies to evidence obtained in violation of the Fourth Amendment only when the violation is egregious. *See, e.g.*, *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018). Petitioners bear the burden of making a prima facie showing of an egregious Fourth Amendment violation. *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988).

In support of their motion to suppress, Petitioners provided a declaration by Portillo that, when confronted by the Customs and Border Patrol Agent, she did not

admit alienage and was not asked about alienage or illegal entry. On this basis Petitioners contend their arrest must have resulted in an egregious violation of their Fourth Amendment rights. There is no requirement that those particular questions be asked before an arrest for unlawful entry, however, and as the BIA observed, the declaration provides no other information about interactions between Petitioners and the agents prior to the arrest. The declaration attests to an arrest next to the border where the Petitioners were not told the grounds for the arrest. Cases where we have ordered exclusion based on egregious Fourth Amendment violations involved more than that. *See, e.g.*, *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir.2008) (entry into home). The declaration, therefore, does not establish a prima facie case of an egregious Fourth Amendment violation.

Petitioners also contend that the IJ and BIA should not have relied on the Forms I-213 because they were not entitled to the usual presumption of regularity afforded government records. Petitioners point to a lack of particularity and the use of boilerplate phrases, but do not cite any authority to support an inference that the Forms were inadmissible or that they establish any violation of constitutional rights. Moreover, the Forms contained information specific to these Petitioners, including names, dates, and the coordinates of the relatively isolated location near

3

the border where Petitioners were found. There is no reason to order them suppressed.

Petitioners separately appeal the BIA's denial of their motion to strike Portillo's identification card. Petitioners argue that the identification card should be stricken because it was not certified and translated pursuant to regulations. For the exclusionary rule to apply on the basis of a regulatory violation, the violation must prejudice the petitioners. *Sanchez*, 904 F.3d at 649. As the BIA correctly held, the admission of the identification card did not prejudice the Petitioners because it was not necessary to establish alienage.

Petitioners also claim Portillo's statements should be suppressed because they were made after she and her son had been held for a day in harsh conditions and threatened with deportation. The Petitioners contend that the statements should have been excluded as involuntary in violation of their Fifth Amendment rights. Petitioners provide few details about the confinement and no information about the nature of the interrogation that would suggest the conditions caused Portillo's will to be overborne for purposes of the Fifth Amendment's exclusionary rule. *See Mincey v. Arizona*, 437 U.S. 385, 386 (1978).

Petitioners argued for the first time on appeal to the BIA that the Notice to Appear failed to list the correct immigration court address. Such failure does not

strip the immigration court of jurisdiction. *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

The Petitions for Review are **DENIED**.

*Portillo-Flores v. Wilkinson*, No. 17-71406

BERZON, Circuit Judge, concurring:

I concur in the memorandum disposition.

With respect to the Fourth Amendment issue, I agree that Portillo-Flores has not made a prima facie showing of an egregious Fourth Amendment violation. But, in my view, she has made a prima facie showing that the Border Patrol agents lacked probable cause to arrest her. That lack of probable cause likely amounted to a regulatory violation. *See* 8 C.F.R. § 287.8(c)(2)(i) ("An arrest shall be made only when the designated immigration officer *has reason to believe* that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States." (emphasis added)); *Tejeda-Mata v. INS*, 626 F.2d 721, 725 (9th Cir. 1980) (equating the phrase "reason to believe" with the constitutional requirement of probable cause). "A successful prima facie showing of a regulatory violation for evidentiary suppression purposes . . . entitle[s] the petitioner to a remand for the government to rebut the petitioner's showing." *Sanchez v. Sessions*, 904 F.3d 643, 653 (9th Cir. 2018); *see Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988).

But Portillo-Flores did not adequately raise the issue of a regulatory violation before the Board of Immigration Appeals ("BIA"). And the BIA, unlike the immigration judge, did not allude to the regulation in its opinion. Because our

1

panel cannot grant relief on an issue not exhausted before or considered by the BIA, I concur in the denial of the petition.

I note that, although Portillo-Flores apparently accepts that she bears the burden to establish a prima facie violation of the Fourth Amendment, placing the burden on petitioners to make a prima facie showing that probable cause was lacking is problematic. In the criminal context, if a defendant brings a motion to suppress challenging a *warrantless* search or seizure, "the government carries the burden to bring the case within one of the exceptions to the warrant requirement." 3A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 689 (West 4th ed. 2020 Update); *see United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). If there is any initial burden on the defendant, it is slight: "once [the defendant] demonstrates that a warrantless search or seizure occurred, the burden shifts to the government to demonstrate a justification or exception to the warrant requirement." *United States v. Guevara*, 745 F. Supp. 2d 1039, 1043 (N.D. Cal. 2010) (Alsup, J.).

Here, the BIA places the burden on petitioners to establish a prima facie case that probable cause was lacking, before requiring the government to state the *reasons* underlying its probable cause determinations. *See Matter of Barcenas*, 19 I. & N. Dec. at 611. That is backwards, and saddles petitioners with guessing at the government's reasons for arresting them, and attempting to rebut those reasons,

before the government has even revealed them. In the regulatory context, *Sanchez* avoided this anomaly by holding that the petitioner met his burden with regard to the weaker "reasonable suspicion" standard by establishing not that reasonable suspicion was *in fact* lacking, but that the government had "*yet to offer* specific and articulable facts that would support the Coast Guard officers' decision to detain Sanchez on the basis of reasonable suspicion that he was unlawfully present in this country or otherwise engaged in illegal activity." 904 F.3d at 650–51 (emphasis added).

But again, the validity of the BIA's burden-shifting approach was not raised before the agency, nor was it challenged before us. So I concur in denying the petition.