**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZOILA MARISOL HENRIQUEZ-PEREZ; DYLAN NEYMAR HENRIQUEZ-PEREZ, <br><br> Petitioners, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  17-72221 <br> 17-73429 <br><br> Agency Nos.  A208-416-470 <br> A208-416-471 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2020
San Francisco, California

Before:  THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit
Judges.
Concurrence by Judge BERZON

Zoila Marisol Henriquez-Perez and her young son Dylan (collectively,

"Henriquez-Perez") petition for review of the Board of Immigration Appeals'

("BIA's") dismissal of their appeal contending that the immigration judge ("IJ")

should have granted their motion to suppress evidence and terminated proceedings,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

as well as the BIA's denial of their motion to reconsider. We deny the petitions for review.

1. The BIA did not err in denying Henriquez-Perez's motion to suppress the Forms I-213 introduced by the Department of Homeland Security. Although the Fourth Amendment's "exclusionary rule generally does not apply to removal proceedings," one of "two critical exceptions to this rule"—and the only one Henriquez-Perez raised before the BIA—is "when the agency egregiously violates a petitioner's Fourth Amendment rights." *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018) (citation omitted). Henriquez-Perez has not made a prima facie showing, even if Border Patrol agents failed to question her about alienage or illegal entry, that her arrest near the border was an egregious violation of her Fourth Amendment rights. *Cf. Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (holding that entering a home without a warrant, consent, or exigent circumstances was an egregious Fourth Amendment violation).

2. Henriquez-Perez also has not made a prima facie showing that the statements she made while in detention should have been excluded as involuntary. The conditions of detention and the circumstances of the interview described by Henriquez-Perez do not suggest that her will was overborne, triggering application of the Fifth Amendment's exclusionary rule. *See Mincey v. Arizona*, 437 U.S. 385, 401–02 (1978). Additionally, Henriquez-Perez has not shown she was prejudiced

2

by an alleged false statement in the Form I-213 that she was advised of and acknowledged her administrative rights in removal proceedings. Henriquez-Perez does not cite any statute or regulation requiring the agents to inform her of her rights.

3.     Finally, Henriquez-Perez's contention that the notice to appear was not properly filed because it lacked "a certificate showing service on the opposing party . . . which indicates the Immigration Court in which the charging document is filed," 8 C.F.R. § 1003.14(a), is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 n.4 (9th Cir. 2020).

**PETITIONS DENIED.**

*Henriquez-Perez v. Wilkinson*, Nos. 17-72221, 17-73429



BERZON, Circuit Judge, concurring:

I concur in the memorandum disposition.

With respect to the Fourth Amendment issue, I agree that Henriquez-Perez has not made a prima facie showing of an egregious Fourth Amendment violation. But, in my view, she has made a prima facie showing that the Border Patrol agents lacked probable cause to arrest her. That lack of probable cause likely amounted to a regulatory violation. *See* 8 C.F.R. § 287.8(c)(2)(i) ("An arrest shall be made only when the designated immigration officer *has reason to believe* that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States." (emphasis added)); *Tejeda-Mata v. INS*, 626 F.2d 721, 725 (9th Cir. 1980) (equating the phrase "reason to believe" with the constitutional requirement of probable cause). "A successful prima facie showing of a regulatory violation for evidentiary suppression purposes . . . entitle[s] the petitioner to a remand for the government to rebut the petitioner's showing." *Sanchez v. Sessions*, 904 F.3d 643, 653 (9th Cir. 2018); *see Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988).

But Henriquez-Perez did not adequately raise the issue of a regulatory violation before the Board of Immigration Appeals ("BIA"), and the BIA did not allude to the regulation in its opinion. Because our panel cannot grant relief on an

issue not exhausted before or considered by the BIA, I concur in the denial of the petition.

I note that, although Henriquez-Perez apparently accepts that she bears the burden to establish a prima facie violation of the Fourth Amendment, placing the burden on petitioners to make a prima facie showing that probable cause was lacking is problematic. In the criminal context, if a defendant brings a motion to suppress challenging a *warrantless* search or seizure, "the government carries the burden to bring the case within one of the exceptions to the warrant requirement." 3A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 689 (West 4th ed. 2020 Update); *see United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). If there is any initial burden on the defendant, it is slight: "once [the defendant] demonstrates that a warrantless search or seizure occurred, the burden shifts to the government to demonstrate a justification or exception to the warrant requirement." *United States v. Guevara*, 745 F. Supp. 2d 1039, 1043 (N.D. Cal. 2010) (Alsup, J.).

Here, the BIA places the burden on petitioners to establish a prima facie case that probable cause was lacking, before requiring the government to state the *reasons* underlying its probable cause determinations. *See Matter of Barcenas*, 19 I. & N. Dec. at 611. That is backwards, and saddles petitioners with guessing at the government's reasons for arresting them, and attempting to rebut those reasons,

before the government has even revealed them. In the regulatory context, *Sanchez* avoided this anomaly by holding that the petitioner met his burden with regard to the weaker "reasonable suspicion" standard by establishing not that reasonable suspicion was *in fact* lacking, but that the government had "*yet to offer* specific and articulable facts that would support the Coast Guard officers' decision to detain Sanchez on the basis of reasonable suspicion that he was unlawfully present in this country or otherwise engaged in illegal activity." 904 F.3d at 650–51 (emphasis added).

But again, the validity of the BIA's burden-shifting approach was not raised before the agency, nor was it challenged before us. So I concur in denying the petition.