**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACINTO ACEVEDO-ROJAS, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 23-364 <br><br> Agency No. <br> A216-266-122 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2026[**]
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Petitioner Jacinto Acevedo-Rojas timely seeks review of a decision by the

Board of Immigration Appeals ("BIA") dismissing his appeal from orders by an

immigration judge ("IJ") denying his motion to suppress and denying his

applications for cancellation of removal and voluntary departure. We deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

petition in part and dismiss it in part.

1. We reject, as unexhausted, Petitioner's challenges to the legal effect of the notice to appear. Petitioner failed to raise these arguments to the BIA, so we cannot consider them. Umana-Escobar v. Garland, 69 F.4th 544, 550 (9th Cir. 2023).

2. The BIA correctly upheld the IJ's denial of Petitioner's motions to suppress evidence contained in the Form I-213. See 8 U.S.C. § 1252(a)(2)(D) (providing that we retain jurisdiction over questions of law); Martinez-Medina v. Holder, 673 F.3d 1029, 1033 (9th Cir. 2011) (holding that we review de novo a denial of a motion to suppress). Accepting Petitioner's evidence as true, the record as a whole establishes neither a prima facie case of unreliability of the Form I-213 nor a prima facie case of an egregious constitutional violation. See Sanchez v. Sessions, 904 F.3d 643, 653 (9th Cir. 2018) (citing Matter of Barcenas, 19 I. & N. Dec. 609, 611 (BIA 1988) for the rule that "a petitioner must establish a prima facie case for suppression 'before the Service will be called on to assume the burden of justifying the manner in which it obtained the evidence'").

The arresting officer, who completed the Form on the same day as the arrest, explained that there was an arrest warrant for Petitioner's brother and that the officers were looking for Petitioner's brother at a specific address. Petitioner and his father left that address in a car, and the officers mistook Petitioner for his

brother. The officers reasonably thought that the brother was the passenger in the car and, because an arrest warrant had been issued, permissibly stopped the car and asked the occupants for identification. See United States v. O'Connor, 658 F.2d 688, 691 (9th Cir. 1981). Once Petitioner admitted that he lacked authorization to be in the country, the officers permissibly arrested him. 8 C.F.R. § 287.8(c)(2)(i). Petitioner's statement in his affidavit that the officers did not ask about his brother is consistent with the information in the Form, which did not assert that the officers asked about the brother.

3. We lack jurisdiction to consider Petitioner's challenges to the agency's denial of cancellation of removal, 8 U.S.C. § 1229b, and voluntary departure, id. § 1229c. Petitioner challenges only the purely factual determinations that he lacked credibility and that he had a subjective intent to deceive for the purpose of obtaining an immigration benefit. See 8 U.S.C. § 1252(a)(2)(B) (providing that "no court shall have jurisdiction to review-- (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title" (emphases added)); Patel v. Garland, 596 U.S. 328, 338–40 (2022) (holding that a credibility determination and a finding of subjective intent to deceive for an immigration benefit were purely factual and, therefore, unreviewable determinations under § 1252(a)(2)(B)).

**PETITION DENIED IN PART AND DISMISSED IN PART.**